UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JANCIS FULLER,

    Plaintiff,

    v.

SCOTT HARRIS, *et al.*,

    Defendants.

Civil Action No. 17-876 (JEB)

## MEMORANDUM OPINION

*Pro se* Plaintiff Jancis Fuller originally brought this suit to compel Defendants – Court Clerks for the Supreme Court of the United States – to file her petition for writ of certiorari, which they had refused as untimely. This Court dismissed her case without prejudice because it cannot order officials of a higher court to take such an action. Now, taking a second swing, Fuller seeks to file an Amended Complaint, this time asking for damages and declaratory relief. Defendants, however, have absolute immunity from her claim for damages, and this Court lacks jurisdiction to entertain her further request for declaratory relief. The Court will thus deny Fuller's attempt to revive this case, as it would be futile to do so.

### I.    Background

Plaintiff is a Connecticut state prisoner who is currently serving a 30-year sentence. See ECF No. 4-1 (Amended Complaint) at 1. In June 2014, she sought to file a petition for writ of certiorari with the Supreme Court of the United States in relation to a civil-rights action, the dismissal of which the Second Circuit had affirmed. Id. at 2-3, 5. Declaring such petition untimely filed, Defendants – Court Clerks Scott Harris and Clayton Higgins – refused to accept it. Id. at 5-6.

Challenging this refusal, Fuller filed this action on May 9, 2017, asking this Court to order Defendants to file her petition. See ECF No. 1 (Complaint) at 20. Because this Court has no jurisdiction to compel officers of a higher court to so proceed, it dismissed her case without prejudice three days later. See ECF Nos. 2 & 3 (Order & Memorandum Opinion).

On June 12 – 31 days after entry of that judgment – Fuller filed a self-styled Motion for Leave to File an Amended Complaint pursuant to Rule 15(a)(2). See ECF No. 4. She argues that she should now be allowed to file a proffered Amended Complaint because her "former legal advisor . . . formulated every paragraph" of her original Complaint's prayer for relief and gave her incorrect information as to what relief she could seek. Id. at 2. Despite its reference to Rule 15(a), her Motion in essence seeks to vacate the original judgment dismissing her case so that she may now proceed under a different theory. Indeed, Plaintiff must first successfully seek such an alteration of the judgment – under Federal Rule of Civil Procedure 60(b) – before she can go forward with any amended complaint. Bldg. Indus. Ass'n of Superior Cal. v. Norton, 247 F.3d 1241, 1245 (D.C. Cir. 2001) (explaining necessary procedure). Because Fuller is proceeding *pro se*, the Court will generously construe her pleading as properly filed under Rule 60(b) and accordingly consider whether it merits a resurrection of her action. See Brown v. District of Columbia, 514 F.3d 1279, 1283 (D.C. Cir. 2008) (explaining *pro se* pleadings held to less stringent standards).

**II. Analysis**

To obtain relief under Rule 60(b), Fuller must give this Court a "reason to believe that vacating the judgment will not be an empty exercise or a futile gesture." Murray v. District of Columbia, 52 F.3d 353, 355 (D.C. Cir. 1995). In other words, courts deny Rule 60(b) motions when a plaintiff's proposed amended complaint would still fail to state a claim upon which relief

2

could be granted. Lepkowski v. Dep't of Treasury, 804 F.2d 1310, 1314 (D.C. Cir. 1986). Here, Fuller cannot clear this hurdle, as Defendants enjoy absolute immunity from suit on her claim for damages, and this Court lacks jurisdiction over her claim for declaratory relief.

Fuller's proposed Amended Complaint seeks to hold Defendants liable in a variety of ways for their refusal to accept her petition for writ of certiorari. In particular, she asks for a declaratory judgment that they violated her constitutional right of access to the courts, compensatory damages to reimburse her for various costs related to her court filings and this case, as well as punitive damages totaling $175,000. See Am. Compl. at 10-11. Because these are forms of relief "that can be granted in this Court," Fuller contends she now has a viable suit. See Mot. at 4-6. She also argues that Defendants are not entitled to immunity from these claims because the "illegal acts" they committed "were not done at the direct order of any [Justice] of the U.S. Supreme Court," and "[t]hey didn't have the discretion to ignore the mandatory language of" certain Supreme Court Rules. Id. at 6.

Starting with her claims for damages, however, Fuller misunderstands the scope of Defendants' immunity in this context. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." Mireles v. Waco, 502 U.S. 9, 11–12 (1991). Court "clerks, like judges, are immune from [such] damage suits for performance of tasks that are an integral part of the judicial process." Sindram v. Suda, 986 F.2d 1459, 1460-61 (D.C. Cir. 1993). Whether the act was "nondiscretionary" or "ministerial" or taken at a "judge's direction," moreover, is not relevant. Id. at 1461 (quotation omitted). "Rather, immunity applies to all acts of auxiliary court personnel that are 'basic and integral part[s] of the judicial function,' unless those acts are done 'in the clear absence of all

jurisdiction.'" Id. (quoting Mullis v. U.S. Bank. Ct. for Dist. of Nev., 828 F.2d 1385, 1390 (9th Cir. 1987)).

A court clerk's refusal to file a petition for writ of certiorari is just such a "quintessentially" judicial act because a "clerk's receipt and processing of plaintiff's attempted filings are part and parcel of the process of adjudicating cases." Reddy v. O'Connor, 520 F. Supp. 2d 124, 130 (D.D.C. 2007); see also Trackwell v. U.S. Gov't, 472 F.3d 1242, 1247 (10th Cir. 2007) (same); Smith v. Erickson, 884 F.2d 1108, 1111 (8th Cir. 1989) (filing of documents by clerk is integral part of judicial process and protected by judicial immunity); Mullis, 828 F.2d at 1390 (same); Sibley v. Roberts, 224 F. Supp. 3d 29, 37 (D.D.C. 2016) (same); Sibley v. U.S. Supreme Ct., 786 F. Supp. 2d 338, 344 (D.D.C. 2011) (same). There is thus no doubt that Defendants enjoy absolute immunity from Plaintiff's effort to seek damages based on their decision not to file her petition for writ of certiorari, as they plainly had jurisdiction to take that act.

That leaves Fuller only with her request for a declaration that Defendants' act violated her constitutional rights. As the D.C. Circuit has explained, though, "The Supreme Court . . . has inherent supervisory authority over its Clerk." In re Marin, 956 F.2d 339, 340 (D.C. Cir. 1992). As such, "it is the right and duty of the [Supreme] Court . . . to correct irregularities of its officer and compel him to perform his duty." Id. (quoting Griffin v. Thompson, 43 U.S. (2 How.) 244, 257 (1844)). Because "[t]his supervisory responsibility is exclusive to the Supreme Court . . . [,] neither a district court nor a circuit court of appeals has jurisdiction to interfere with it by mandamus or otherwise." Id. Indeed, the D.C. Circuit has long held that this Court lacks subject-matter jurisdiction to issue the type of declaratory relief Fuller seeks. Id.

### III. Conclusion

Accordingly, even if Defendants' decision was in error, as Plaintiff claims, she cannot sue them for it here. The Court will thus deny her Motion and issue a contemporaneous Order so stating this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: July 7, 2017